IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. WETZEL, et al.,<br>    Defendants. | Civil Action No. 2: 14-cv-1204<br><br>Senior United States District Judge<br>Maurice B. Cohill, Jr.<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## REPORT & RECOMMENDATION

### I. Recommendation

For the following reasons, it is respectfully recommended that Plaintiff's *in forma pauperis* status be revoked, and this action be dismissed without prejudice, with the right to Plaintiff to reopen by paying the full $400.00 filing fee.

### II. Report

#### A. *Background*

Plaintiff, Gregory Garrett Brown, is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). In the instant lawsuit, Brown asserts over thirty (30) claims against fifty (50) defendants.

The case was initially referred to Magistrate Judge Susan Paradise Baxter in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules of Court for Magistrate Judges. On November 12, 2014, Magistrate Judge Baxter granted Plaintiff's request for *in forma pauperis* status. That same day, Magistrate Judge Baxter recused from the case and the case was referred to the undersigned.

PACER, a/k/a Public Access to Court Records, reflects that Brown is a serial pro se prisoner filer of lawsuits and has incurred three or more strikes for purposes of the Prison Litigation Report Act ("PLRA").[1] On August 3, 2015, the Court filed an Order to Show Cause (ECF No. 76) as to why Brown's *in forma pauperis* status in this case should not be revoked as it appears that Plaintiff has acquired "three strikes."[2] Brown timely filed an "Informal Reply" in which he argued that there is no "three strikes" rule because the PLRA "was shot down by the Senate House." (ECF No. 79.) Brown provides no support or authority for his position.

B.  *Relevant Law*

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *Ball v. Famiglio,* 726 F.3d 448, 467 (3d Cir. 2013). Inmates with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceed *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en

---

[1] Courts are entitled to take judicial notice of public records, such as court records and case docket sheets. *DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n. 2 (W.D.Pa. 1996).

[2] The three strike rule announced by the United States Court of Appeals for the Third Circuit in *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915e2(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

banc)).³ Thus, when denying or revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to imitating the action immediately before the court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

    C.    *Discussion*

The Court takes judicial notice of the fact that Brown has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g):

1)    *Brown v. Palakovich*, No. 91-4213 (Eastern District of Pennsylvania, Memorandum Order of July 8, 1991, dismissing case as frivolous pursuant to 28 U.S.C. § 1915(d);⁴

---

³ The prisoner is still required to pay the costs of his action, paying an initial partial fee followed by installment payments until the entire fee is paid. 28 U.S.C. § 1915(b)(1).

⁴ Prior to the 1996 amendments to the Prison Litigation Reform Act ("PLRA"), § 1915(d) read as follows: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As part of the 1996 amendments to the PLRA, § 1915(d) was redesignated as subsection (e). Pub.L. No. 104–134, 110 Stat. 1321 § 804(d).

2) *Brown v. Mikulski*, No. 2: 95-cv-01604 (Eastern District of Pennsylvania, Memorandum and Order of April 7, 1995, granting motion to proceed *in forma pauperis*, but dismissing complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d));

3) *Brown v. Horn*, No. 2: 96-cv-03309 (Eastern District of Pennsylvania, Memorandum Opinion of August 12, 1996, granting motion to proceed in forma pauperis, but dismissing complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d)); and

4) *Brown v. Victor*, No. 3:08-cv-1178 (Middle District of Pennsylvania, Order of September 9, 2008, dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e));

5) *Brown v. Maruchan, Inc.,* No. 1:03-cv-00254 (Western District of Pennsylvania, Order of October 23, 2003, dismissing complaint as legally frivolous in accordance with 28 U.S.C. § 1915); and

6) *Brown v. Greene*, No. 1: 04-cv-00195 (Western District of Pennsylvania, Order of August 25, 2004, dismissing complaint as legally frivolous in accordance with 28 U.S.C. § 1915(d).[5]

Additionally, on at least one occasion Brown's motion to proceed *in forma pauperis* was denied pursuant to 28 U.S.C. § 1915(g) because he had acquired "three strikes." *See Brown v. Shannon,* No. 2: 96-cv-03891 (Eastern District of Pennsylvania, Order of June 13, 1996).

In his Reply to the Order to Show Cause, Brown does not dispute that he has accumulated at least three strikes nor does he argue that he satisfies the "imminent danger" exception.

---

[5] It appears that the Court mistakenly cited to § 1915(d).

After reviewing the allegations contained in Brown's handwritten, thirty-nine (39) page Amended Complaint, the Court finds that Brown has not sufficiently and credibly alleged imminent serious danger of bodily injury. Rather in a conclusory and unsupported manner, Brown alleges in Paragraph 35 that Defendants tried to murder him by putting "poisoning stuff in Plaintiff's meal trays out of retaliation." He does not describe what the "poisoning stuff" was or allege that he consumed the "poisoning stuff" or that he suffered any ill effects as a result of the "poisoning stuff."

Given Brown's history of abusive litigation and the generalized nature of his claim of imminent danger in this lawsuit, the Court is not required to accept this allegation as true. *Brown v. City of Philadelphia*, 331 F. App'x 898, 900 (3d Cir.), *cert. denied*, 558 U.S. 999 (2009). Brown has not offered anything in his Amended Complaint to collaborate his bare assertion, such as medical documentation, which, given his history of abusive litigation, the Court concludes is necessary for this Court to accept such allegation as credible.

### III.  Conclusion

Based on the discussion above, it is respectfully recommended that Plaintiff's *in forma pauperis* status be revoked, and this action be dismissed without prejudice, with the right to Plaintiff to reopen by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days after service of this

5

Report and Recommendation to file written objections to this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 21, 2015.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **GREGORY GARRETT BROWN**
GQ 0338
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021
*Via U.S. Postal Mail*

**Timothy Mazzocca**
Office of Attorney General
(via ECF electronic notification)

**Samuel H. Foreman**
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)